Mr. Justice Jambs
delivered the opinion of the Court :
*351 This is a writ of certiorari, issued by the Criminal Court to Clarence A. Brandenburg, United States Commissioner, at the instance of the District Attorney of the United States for this District, and is certified to be heard here in the first instance.
It appears that one Willard S. Norvell was, on the 12th day of December, 1891, convicted in the Criminal Court on a plea of “guilty” to an indictment for embezzling moneys of the United States, and sentenced to pay a fine of $500 and to be imprisoned in the jail of this District “ until said fine is paid.” The convict was-thereupon committed, and having remained in prison under that sentence for a period of thirty-five days filed an application before Commissioner Brandenburg for his discharge, under Section 1042 of the Revised Statutes of the United States. That section was taken from an Act passed June 1, 1872, 17 Stat., 198, and is in the following words :
“When a poor convict, sentenced by any court of the United States to pay a fine, or fine and cost, whether with or without imprisonment, has been confined in prison thirty days, solely for the non-payment of such fine, or fine and cost, he may make application in writing to any Commissioner of the United States Court in the district where he is imprisoned, setting forth his inability to pay such fine, or fine and cost, and, after notice to the District Attorney of the United States, the Commissioner shall proceed to hear and determine the matter, and if, on examination, it shall appear to him that such convict is unable to pay such fine, or fine and cost, and that he has not any property exceeding twenty dollars in value, except such as is by law exempt from being taken on execution for debt, the Commissioner shall administer to him the following oath : ‘ I do solemnly swear that I have not any property, real or personal, to the amount of $20, except such as is by law exempt from being taken on civil precept for debt by the laws of [State where oath is administered]; and that I have no property in any way conveyed or concealed, or in any way disposed of, for my use or benefit, so help me God.’ And thereupon such convict shall be dis *352 charged, the Commissioner giving to the jailor, or keeper of the jail, a certificate setting forth the facts.”
Before the time set for the hearing of this application this writ was issued commanding the Commissioner to return his proceedings in the premises to the Criminal Court. The matter being certified to be heard here in the first instance, a motion is now filed that it be remanded to the Commissioner, on the ground that he has full jurisdiction thereof.
The question to be considered by us is,whether the provision under which he claims to act applies to convicts of this court.
The words of the statute are : “ When a poor convict, sentenced by any court of the United States,” etc. That these words are descriptive of this court was conclusively determined in Embey vs. Palmer, 107 U. S., 3. That was a writ of error to a State court, and the Supreme Court considered first the questiou of its own jurisdiction. Mr. Justice Mathews said : “The jurisdiction of the court invoked by this writ of error is conferred by section 709 Rev. Stat., it being a case in which a title or right is claimed under an authority exercised under the United States, and the decision of the State court being in denial of the right so asserted. ’ ’ It was decided in Dupasseur vs. Rochereau, 21 Wall., 130, that such a question is undoubtedly raised whenever ‘ ‘ a State ■court refuses to. give effect to the judgment of a court of the United States rendered upon the point in dispute, and with jurisdiction of the case and of the parties.” The judgment which is the subject matter of the litigation is that of the Supreme Court of the District of Columbia, which is a court of the United States.
It is to be observed that by this reference to the rule as stated in 21 Wallace, where the judgment whose effect was denied was of a circuit court, the Supreme Court held that the words “ Court of the United States” .applied equally to this court and to the circuit courts of the United States.
In speaking of section 905, Rev. Stat., the court further said : “So far as this statutory provision relates to the effect to be given to the judicial proceedings of the States, it is *353 founded on Art. 4, Sec. 1, of the Constitution, which, however, does not extend to the other cases covered by the statute. The power to prescribe what effect shall be given to the judicial proceedings of the courts of the United States is conferred by other provisions of the Constitution, such as those which declare the extent of the judicial power of the United States which authorize all legislation necessary and proper for executing the powers vested by the Constitution in the Government of the United States or in any department or officer thereof, and which declare the supremacy of the authority of the National Government within the limits of the Constitution. As part of its general authority, the power to give effect to the judgments of its courts is co-extensive with its jurisdiction. That the Supreme Court of the District of Columbia is a court of the United States, results from the right of exclusive legislation over the District which the Constitution gives to Congress.”
It is impossible to affirm more distinctly that this court and the Circuit Courts are equally courts of the United States. The principle suggested by the language of the Supreme Court in this Case is that the latter are the instrumentalities by which the United States exercises in the States the judicial power belonging to its limited sovereignty therein, and that the former is the instrumentality by which it exercises the judicial power belonging to its exclusive sovereignty. Though the applications of judicial power by these courts differ, and the power is drawn from different provisions of the Constitution, both are courts which exercise judicial power belonging to the United States, and are therefore alike courts of the United States.
But although the term ‘ ‘court of the United States’ ’ is applicable to both, it is a question of intention whether it is actually so applied by the Legislature in any particular statute.
The statute from which this section was taken contained sixteen sections. Some of these plainly related to proceedings in the Circuit and District Courts; but others related to matters which in their nature are equally incident to proceed *354 ings in this District and in the Territories. In such cases and especially when the provision related rather to the rights and liabilities of parties than to the mere mode of proceeding, we have always held that the statute was intended by the Regislature to apply to all the courts of the United States, and therefore applied here. On that principle we have held that section 2 of the Act of June 8, 1872, Ch. 333, (Sec. 819 Rev. Stat.,) relating to peremptory challenges of jurors; and section 4 of the Act of March 3, 1835, Ch. 40, (Sec. 1032 Rev. Stat.,) relating to prisoners standing mute, and section 29 of the Act of April 30, 1790, Ch. 9, (Secs. 1033 and 1034 Rev. Stat.,) relating to the delivery of a list of the jury and witnesses, and process to compel the attendance of witnesses, in capital cases, were necessarily intended to apply to those subjects in this District. So, too, we have applied two sections of the very statute now under consideration; namely, section 8, (1025 Rev. Stat.,) relating to defects in indictments in matters of form, and section 9, (1035 Rev. Stat.,) which authorizes a conviction of any offense necessarily included in that with which the defendant is charged in the indictment.
But if there were any doubts whether it was the intention of Congress that the provision in question should apply directly to all of the Courts of the United States, we suppose that it was made applicable by section 34 of the act of February 21, 1871, Ch. 62 (Sec. 93, Rev. Stat. Dist. Col.), which declares that all laws of the United States not locally inapplicable shall have the same force and effect within this District as elsewhere in the United States.
Clearly there is nothing in this provision relating to poor convicts which makes it locally inapplicable to convicts of this court. The statute declares a general principle that one who cannot, by reason of poverty, pay a fine, shall not be held in. custody indefinitely in order to enforce its payment, and that principle has no local limitation.

This case is therefore remanded to the Criminal Court for further proceedings in accordance with this provision.